United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Lilia Perez, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-22761-Civ-Scola |
| | ) | |
| Scottsdale Insurance Company, | ) | |
| Defendant. | ) | |

## Omnibus Order

This matter is before the Court on Defendant's partial[1] motion to dismiss the Plaintiff's complaint (ECF No. 3) and the Plaintiff's motion to remand this case to state court (ECF No. 8.) The motions are fully briefed and ripe for the court's review. Upon review of the record, the parties' briefs, and the relevant legal authorities, the Court **denies** the Plaintiff's motion to remand (**ECF No. 8**) and **grants in part and denies** in part the Defendant's motion to dismiss. (**ECF No. 3**.)

## I.    Background

Plaintiff Lilia Perez filed a nine-count complaint in state court against Defendant Scottsdale Insurance Company for property damage following a plumbing leak that occurred on October 2, 2017. (ECF No. 3 at ¶ 1.) On July 3, 2019, the Defendant filed its notice of removal. (ECF No. 1.)

On July 10, 2019, the Defendant filed a motion to dismiss. (ECF No. 3) On August 8, 2019, the Plaintiff filed a motion to remand. (ECF No. 8.) Both motions are now before this Court.

## II.    Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to

---

[1] Although titled "Motion to Dismiss Plaintiff's Complaint," the Defendant does not move to dismiss Count II.

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## III. Analysis

### A. Motion to Remand

The Court must first consider the Plaintiff's motion to remand to state court (ECF No. 8) to ensure that it has jurisdiction over this case. The Plaintiff argues that this case should be remanded because the Defendant is unable to show that the amount in controversy exceeds $75,000 to meet the court's jurisdictional requirements. In response, the Defendant argues that it has sufficiently alleged damages in the amount of $68,401.32 and $32,500 in attorneys' fees. (ECF No. 14.) Upon careful review, the Court agrees with the Defendant.

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 239 F.3d 805, 807 (11th Cir. 2003). A civil action may be removed from state court to federal district court if the action is within the "original jurisdiction" of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Scottsdale removed this action based upon diversity jurisdiction and therefore has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009)).

The Plaintiff did not claim a specific amount of damages in her complaint and simply alleges that damages exceed $15,000. As a result, Scottsdale must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000. *See Pretka*, 608 F.3d at 751.

### i. Amount in Controversy

Scottsdale submitted a $68,401.32 estimate of damages to meet the amount in controversy. (DE 1-3.) The estimate of damages was issued by the Plaintiff's public adjuster as a "supplemental request for damages" on November 12, 2018. (*Id.*) The Plaintiff argues that the Defendant cannot rely on this pre-suit demand to satisfy the amount in controversy. (ECF No. 8 at ¶ 6.)

Courts have held that a removing party may rely on a pre-suit demand to satisfy the jurisdictional amount if (1) the document reflects an honest assessment of damages, and (2) Plaintiff does not contest the veracity of the information contained in the document despite having an opportunity to do so. *Perez-Malo v. First Liberty Ins. Corp.*, No. 17-cv-21180, 2017 WL 7731958, at *3 (S.D. Fla. June 8, 2017) (Moore, J.).

As an initial matter, the Plaintiff does not contest the veracity of the information. The Plaintiff's main argument is that this Court, in a similar case, held that a pre-suit demand was not sufficient. The Plaintiff relies heavily on this Court's opinion in *Garcia v. Scottsdale Ins. Co.*, 17-24565, 2018 WL 8334024 (S.D. Fla. May 24, 2018) (Scola J.). In *Garcia,* the Court held that Scottsdale failed to establish the amount in controversy by relying on a pre-suit demand. "The only factual support Scottsdale submits in support of removal is Garcia's adjuster's demand for over $93,000." *Id.* at *2. The pre-suit demand in *Garcia*, however, was a two-page letter with very little, if any, information regarding the estimate. *See id.* at ECF No. 5-3. Therefore, the Court held that, this alone, was not enough. *Id.* at *2. Here, Scottsdale has included the same two-page letter as well as an additional 25 pages of information from the public adjuster substantiating the estimate. (ECF No. 1-3.) The Court finds that this estimate is an "honest assessment of damages" because "it was prepared by the Plaintiff's public adjuster and reflects specific information to support Plaintiff's claim for damages[.]" *Perez-Malo*, 2017 WL 7731958 at *3.

If the Defendant has established an amount in controversy of $68,401.32, it still needs an additional $6,598.69 in damages to reach the jurisdictional amount. The Defendant submits an affidavit attesting that lead counsel for Plaintiff charges $650.00 per hour and will likely incur a total of $32,500 in fees. (ECF No. 1-4.) If the Plaintiff were to recover attorneys' fees, the jurisdictional amount would be met. The Plaintiff argues that attorneys' fees cannot be used to meet the amount in controversy requirement.

When a statute authorizes the recovery of attorney's fees, and the plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201 (1933); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir.

2000). To determine whether those fees are reasonable a court may look at evidence within the complaint and the defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden. *See Pretka*, 608 F.3d at 755; *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352 (M.D. Fla. 2008). The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative, however the evidence does not need "to establish the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka*, 608 F.3d at 755.

The Plaintiff has requested attorney's fees under a Florida Statute. The Florida statute provides in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had.

Fla. Stat. § 627.428. If she were to prevail, she would be entitled to an award of attorney's fees under Section 627.428. So the inclusion of attorney's fees in the calculation of the amount in controversy is appropriate.

The Plaintiff claims that Scottsdale's estimate of $32,500 in attorneys' fees is speculative and should not be included in the Court's determination of the amount in controversy. The Court disagrees. The inclusion of statutory attorneys' fees is appropriate under Florida law. And at $650 an hour, Plaintiffs counsel would only need to work 11 hours to meet the jurisdictional amount. Between her motion for remand and the Defendant's motion to dismiss, it is highly likely Plaintiff's attorneys' fees already exceed $6,598. Accordingly, this Court finds that the Defendant has met its jurisdictional burden of establishing the amount in controversy. The Plaintiff's motion to remand is denied.

### B. <u>Motion to Dismiss</u>

#### i. **Counts I, V, and VIII**

The Defendant moves to dismiss Counts I, V, and VIII based on the independent tort doctrine or economic loss rule. (ECF No. 3 at 3.) The Plaintiff argues that she has sufficiently alleged Counts I, V, and VIII and they are not precluded by the independent tort doctrine. (ECF No. 6 at 8-11.) Upon careful review, the Court agrees with the Defendant.

"Florida's Third District Court of Appeals recently reaffirmed Florida's independent tort doctrine, stating, "[w]hen, as here, a contract has been breached, a tort action lies only for acts independent of those acts establishing

the contract's breach." *Dorvil v. Nationstar Mortg. LLC*, No. 17-23193-CIV, 2019 WL 1992932, at *17 (S.D. Fla. Mar. 26, 2019) (Martinez, J.) (quoting *Peebles v. Puig*, 223 So. 3d 1065, 1069 (Fla. 3d DCA 2017)). "The rule prohibits claims in tort for damages which are the same as those for breach of contract so as to prevent plaintiffs from recovering duplicative damages for the same wrongdoing." *Kelly v. Lee Cty RV Sales Co.*, No. 18-cv-424, 2018 WL 3126750, at *2 (M.D. Fla. June 26, 2018). This rule "applies to misrepresentations made during the performance of a contract but does not apply to misrepresentations made independently of the contract." *Id.*

Count I for negligent misrepresentation alleges that the Defendant's policy indicated that the Defendant would insure the Plaintiff's property on an all-risks basis. (ECF No. 1-1 at ¶ 42.) According to the Plaintiff, the Defendant failed to explain the exclusions which "guts" the coverage. (*Id.* at ¶ 44.) The Plaintiff takes issue with the exceptions in the policy. The Plaintiff alleges that, "[t]hese failures and duties were the direct and proximate cause of the failure of coverage in the policy purchased by Plaintiff which resulted in Plaintiff not being covered for what Plaintiff reasonably believed was covered[.]" (*Id.*) The scope of the exceptions, however, is a matter of contract interpretation. Here, like in the breach of contract count, the Plaintiff is seeking to recover the losses that the Defendant refused to cover under the policy. "The alleged misrepresentations were not independent of the contract but instead consisted of promises made in the agreement." *Kelly*, 2018 WL 3126750 at *3. "Unlike misrepresentations alleged in the inducement of the contract, the misrepresentations alleged here are in the performance of the contract and cannot be considered independent so as to constitute an exception to the rule." *Id.* Accordingly, the Court dismisses Count I.

The same analysis applies to Counts V and VIII. Count V for fraudulent inducement and Count VIII for fraud similarly allege that the Plaintiff purchased an "illusory" policy which did not cover the losses she believed would be covered. (ECF No. 1-1 at ¶¶ 78, 104.) Stated another way, the Defendant breached the agreement to provide coverage. Both of Plaintiff's fraud counts are inextricably intertwined with the alleged breach of contract. *See Temurian v. Piccolo*, No. 18-cv-62737, 2019 WL 1763022 (S.D. Fla. April 22, 2019) (Bloom, J.) (dismissing fraud claims as "inextricable intertwined" with contract claim). Therefore, Counts V and VIII are dismissed.

### ii. Count III

Count III is titled "Breach of Section 627.70131, Florida Statutes." The Defendant moves to dismiss this count because Section 627.70131 does not

create an independent cause of action. The Plaintiff failed to respond to this argument.

Section 627.70131 states that,

> Upon an insurer's receiving a communication with respect to a claim, the insurer shall, within 14 calendar days, review and acknowledge receipt of such communication unless payment is made within that period of time or unless the failure to acknowledge is caused by factors beyond the control of the insurer which reasonably prevent such acknowledgment. If the acknowledgment is not in writing, a notification indicating acknowledgment shall be made in the insurer's claim file and dated. A communication made to or by an agent of an insurer with respect to a claim shall constitute communication to or by the insurer.

Fla. Stat. § 627.70131(1)(a). The statute does not create an independent cause of action to enforce this specific provision, nor is the Plaintiff able to point to one. *See Hinds v. Am. Security Ins. Co.*, No. 16-cv-20780, 2016 WL 8677863, at *5 (S.D. Fla. Sept. 9, 2016) (Torres, Mag. J.) (dismissing count for breach of Section 627.70131(1)(a) because plaintiff "does not cite any express remedial provision in subsection (1) that could possibly qualify as a cause of action."). Because the Plaintiff failed to respond to the Defendant's argument and the Court is unable to find a case sustaining a cause of action under Section 627.70131(1)(a), the Court dismisses Count III.

### iii. Count IV

Defendant moves to dismiss the Plaintiff's bad faith claim as premature. The Plaintiff concedes that the bad faith claim should be abated because liability has not yet been established. (ECF No. 6 at 4.) In its Reply, Scottsdale does not oppose abatement. (ECF No. 7 at 6.)

Under Florida law, an insurer's liability under an insurance policy must first be established before an insured may assert a claim for bad faith. *See Blanchard v. State Farm Mut. Auto Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Because the Defendant's liability has not been resolved, the Plaintiff's claim for bad faith has not accrued. "A premature bad faith claim may be either dismissed without prejudice or abated until the underlying action is resolved." *Laxman v. Safeco Ins. Co. of Illinois*, No. 24-cv-14413, 2015 WL 845582, at *2 (S.D. Fla. Feb. 25, 2015) (Rosenberg, R.) (citations omitted). Given the parties' agreement and the interests of judicial economy, the Court will abate Count IV *Id.* Accordingly,

the Court denies the Defendant's motion to dismiss Count IV but abates this count until liability is determined.

### iv. Count VI

The Defendant moves to dismiss Count VI, estoppel, arguing that estoppel is not a cause of action. (ECF No. 3 at 6.) The Plaintiff failed to respond to the Defendant's argument. Accordingly, because the Plaintiff has effectively abandoned her estoppel claim, the court will dismiss Count VI. *See Five for Entm't S.A. v. Rodriguez*, No. 11-cv-24142, 2013 WL 4433420, at *14 (S.D. Fla. Aug. 15, 2013) (Seitz, J.) ("A failure to address issues in response to a motion is grounds for finding that the claims have been abandoned.").

### v. Count VII

The Defendant moves to dismiss Count VII for declaratory judgment because the Plaintiff seeks a declaration of her rights under the contract, which is duplicative of her breach of contract count. The Court agrees.

The Plaintiff's response concedes that "the Declaratory Action specifically relates to the contractual duties of the parties under the subject policy." (ECF No. 6 at 7.) The Plaintiff takes issue with the "adjustment" provision in the contract and asks the Court to declare the Defendant's obligation to adjust all loss with Plaintiff. (ECF No. 1-1 at ¶ 101.) "Plaintiff is merely seeking an advisory opinion as to the enforceability of a provision in the contract." *Trianon Condo Ass'n, Inc. v. QBE Ins. Corp.*, 741 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010) (Dimitrouleas, J.). This is an improper use of declaratory judgments. *See id.* Accordingly, the Court dismisses Count VII.

### vi. Count IX

Count IX is titled "Petition for Mediation." This is not a recognized cause of action under federal or state law. The Plaintiff asserts that she is "within her rights" to petition the court for an order directing the parties to engage in mediation. Mediation has already been ordered in this case (ECF No. 13) as part of the regular schedule of any case in federal court. Accordingly, this request, in addition to failing to state a claim, is moot.

## IV.  Conclusion

Based on the foregoing, the Court **denies** the Plaintiff's motion to remand (**ECF No. 8**) and **grants in part and denies** in part the Defendant's motion to dismiss. (**ECF No. 3**.) Counts I, III, and V through IX are dismissed with prejudice. Count IV is abated until liability is determined. The Defendant's answer to the Plaintiff's complaint is due on or before **November 7, 2019.**

**Done and ordered** at Miami, Florida, on October 24, 2019.

_____
Robert N. Scola, Jr.
United States District Judge